UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | : : : | Case No. 13-CV-2450 |
| Plaintiff, | : : | |
| v. | : : | |
| GARY ISAACS, | : : | |
| Defendant. | : | July 25, 2013 |

## ANSWER WITH AFFIRMATIVE DEFENSE

The defendant, Gary Isaacs ("defendant"), hereby answers the Complaint dated April 12, 2013, filed by the plaintiff, International Business Machines Corporation ("IBM"). Any allegations not specifically addressed herein are hereby denied.

## IDENTITY OF THE PARTIES

1. As to the allegations in paragraph 1, the defendant lacks knowledge or information sufficient to form a belief and therefore leaves IBM to its proof.

2. The defendant admits the allegations in paragraph 2.

3. The defendant admits that he worked for IBM Canada as the director of Business Partner Sales, North America in Markham, Ontario, Canada. The defendant denies that he was employed "in a senior executive position" by its American affiliate, International Business Machines Incorporated.

## JURISDICTION AND VENUE

4. The allegations contained in the first two sentences of paragraph 4 state legal

1

conclusions to which no response is required. The remainder of the allegations in paragraph 4 purport to characterize documents that speak for themselves and therefore require no response from the defendant.

5. The allegations contained in paragraph 5 state legal conclusions to which no response is required and purport to characterize documents that speak for themselves and therefore require no response from the defendant.

**NATURE AND BACKGROUND OF THE ACTION**

6. As to the allegations in paragraph 6, the defendant admits that this action has been brought by IBM in an attempt to recovery monies from the defendant related to the defendant's receipt of the Awards. The defendant denies that the monies sought are "due and owing to IBM" or that IBM properly rescinded the Awards.

7. The defendant admits the allegations in paragraph 7.

8. The allegations in paragraph 8 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

9. The defendant admits the allegations in paragraph 9.

10. The defendant admits that he commenced employment with Cisco Canada on or about January 16, 2012, and denies that he ever was employed by any other Cisco entity.

11. The defendant denies the allegations in paragraph 11.

12. The defendant admits that he was entitled to receive Awards as part of his employment with IBM Canada. The remaining allegations in paragraph 12 purport to

characterize documents that speak for themselves and therefore require no response from the defendant.

13. The defendant denies the allegations in paragraph 13.

14. The allegations in paragraph 14 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

15. The allegations in paragraph 15 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

16. The allegations in paragraph 16 purport to characterize documents that speak for themselves and therefore require no response from the defendant.

17. The defendant admits that he agreed to the terms of the EAA. The remaining allegations in paragraph 17 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

18. The allegations in paragraph 18 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

19. The allegations in paragraph 19 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

20. The allegations in paragraph 20 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

21. The defendant admits that he received stock options and restricted stock units under the IBM Plan and Equity Award Agreements and that he executed those agreements while

working at IBM Canada. The defendant denies that any of the Awards became subject to cancellation and rescission by IBM.

22. The defendant admits the allegations in paragraph 22.

23. The defendant admits the allegations in paragraph 23.

24. The defendant admits the allegations in paragraph 24.

25. The defendant admits the allegations in paragraph 25.

26. The defendant admits the allegations in paragraph 26.

27. The defendant admits the allegations in paragraph 27.

28. The defendant admits the allegations in paragraph 28.

29. The defendant admits the allegations in paragraph 29.

30. The defendant admits the allegations in paragraph 30.

31. The defendant admits the allegations in paragraph 31.

32. The defendant admits that the relevant stock options were exercised within twelve months of his commencement of employment with Cisco Canada and that he agreed to the IBM Plan and EAA while working at IBM Canada. With respect to the allegations that that period constituted a "Rescission Period" under the IBM Plan and EAA, those documents speak for themselves, and such allegations therefore do not require a response from the defendant.

33. The defendant admits the allegations in paragraph 33.

34. The defendant admits the allegations in paragraph 34.

35. The defendant admits the allegations in paragraph 35.

36. The defendant admits the allegations in paragraph 36.

37. The defendant admits that the relevant restricted stock units were received within twelve months of his commencement of employment with Cisco Canada and that he agreed to the IBM Plan and EAA while working at IBM Canada. With respect to the allegations that that period constituted a "Rescission Period" under the IBM Plan and EAA, those documents speak for themselves, and such allegations therefore do not require a response from the defendant.

38. The defendant admits the stated value received by the defendant from the Awards but denies that any gain is subject to rescission.

39. The allegations in paragraph 39 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

40. The allegations in paragraph 40 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

41. The allegations in paragraph 41 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

42. The allegations in paragraph 42 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

45. The defendant denies the allegations in paragraph 45.

46. The defendant denies the allegations in paragraph 46.

47. The defendant admits that IBM purported to rescind the gains that he received when he exercised the Awards by letter dated April 17, 2012. The defendant denies that IBM effectively rescinded any such gains.

48. The allegations in paragraph 48 purport to characterize a document that speaks for itself and therefore require no response from the defendant. The defendant denies any implication that such amount is due IBM.

49. The defendant admits that he has refused to pay IBM as IBM has demanded but denies that such demand was "duly" made or that any such payment is due IBM.

**PLAINTIFF'S FIRST CAUSE OF ACTION**

50. The defendant incorporates his answers to paragraphs 1 through 49 as his answer to paragraph 50.

51. The defendant admits the allegations in paragraph 51.

52. The allegations in paragraph 52 purport to characterize a document that speaks for itself and therefore require no response from the defendant, and the defendant denies any implication that he "chose to join a competitor of IBM" at any time.

53. The allegations in paragraph 53 purport to characterize a document that speaks for itself and therefore require no response from the defendant.

54. The defendant denies the allegations in paragraph 54.

55. With respect to the allegations that that period constituted a "Rescission Period" in the IBM Plan and EAA, those documents speak for themselves, and the allegations therefore do not require a response from the defendant. The defendant admits the balance of the allegations in paragraph 55.

56. The defendant denies the allegations in paragraph 56.

57. The defendant denies the allegations in paragraph 57.

58. The defendant denies the allegations in paragraph 58.

59. The defendant admits that IBM notified him of its stated position by letter, but the defendant denies that the letter was dated April 17, 2011, and further denies any implication that any Awards received are subject to rescission.

60. The defendant admits that IBM made a demand for payment from the defendant in the amount of $1,202,341.57 but denies that such demand was in a letter dated April 17, 2011, and further denies any implication that he owes that amount to IBM.

61. The defendant admits that he has refused to pay IBM as IBM has demanded but denies that such demand was "duly" made or that any such payment is due IBM.

62. The defendant denies the allegations in paragraph 62.

The defendant denies IBM's prayer for relief.

**AFFIRMATIVE DEFENSE**

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**

The noncompete/rescission provisions of the relevant agreements are unenforceable under applicable law.

## RESERVATION OF RIGHTS

Defendant reserves the right to identify other defenses that may apply based on facts developed during the course of the litigation.

Dated: Hartford, CT
       July 25, 2013

                                               REID AND RIEGE, P.C.
                                               Attorneys for Defendant

                                               /s/ Brian O'Donnell
                                               Brian O'Donnell (BO3884)
                                               One Financial Plaza
                                               Hartford, CT  06103
                                               Phone 860.278.1150
                                               Fax 860.240.1002
                                               bodonnell@rrlawpc.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on this the 25th day of July, 2013. Notice of the filing was sent by electronic service to those parties receiving notices through the Court's CM/ECF system.

                                              /s/ Brian O'Donnell
                                              Brian O'Donnell